**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**KENNETH BAKER**                                                                                     **PETITIONER**

**vs.**                                                        **CIVIL ACTION NO.: 1:13CV97-SA-DAS**

**WARDEN JOHNNY CROCKETT, et al.**                                           **RESPONDENTS**

**MEMORANDUM OPINION AND ORDER**

Petitioner Kenneth Baker, Mississippi prisoner no. 51960, has filed a pro se federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his state court conviction of statutory rape.[1] Having considered the submissions of the parties, the state court record, and the law applicable to Baker's claims, the Court finds that the petition should be denied, for the reasons that follow.

**Background Facts and Procedural History**

Kenneth Baker was convicted of statutory rape in the Circuit Court of Lowndes County, Mississippi, and was sentenced by Order filed February 13, 2009, to a term of twenty-three years (23) in the custody of the Mississippi Department of Corrections. (SCR vol. 1, 46-48). Through counsel, Baker appealed his conviction and sentence to the Mississippi Supreme Court, claiming that his indictment was defective, and that the trial court incorrectly instructed the jury as to the

---

[1] In paragraph 3 of his petition, Baker claims that he stands convicted of murder as an habitual offender. (*See* ECF no. 1, 1). His grounds for relief, however, relate to his conviction for statutory rape. The offender information gleaned from using the "Inmate Search" feature of the Mississippi Department of Correction's website indicates that Baker is serving a twenty-three year sentence following a conviction for statutory rape. See http://www.mdoc.state.ms.us/ (follow "Inmate Search" hyperlink; search "Kenneth Baker") (last visited October 16, 2013). Therefore, the Court finds that Baker mistakenly listed murder as his challenged conviction.

1

essential elements of the crime. On January 24, 2012, the Mississippi Court of Appeals affirmed Baker's conviction and sentence. (*See* Answer, Ex. A). *See also Baker v. State*, 95 So. 3d 692 (Miss. Ct. App. 2012, *reh'g denied*, June 12, 2012, *cert. denied*, August 23, 2012 (Cause No. 2010-KA-01339-COA). Petitioner then filed a pro se "Application for Leave to Proceed in the Trial Court on a Motion for Post-Conviction relief" and a motion for post-conviction relief in the Mississippi Supreme Court, raising the following issues:

> A. The state failed to introduce any testimony evidence, including any documentary evidence, such as birth certificate or other record to prove [the victim's] age at the time the crime was alleged to have been committed beyond a reasonable doubt. The state never proved the age of the alleged victim on September 5, 2007.
>
> B. Ineffective assistance of counsel in violation of the 6th and 14th Amendments to the United States Constitution and Art. 3, Section 14, of the Constitution of the State of Mississippi. The appeal counsel never asserted that the trial counsel was ineffective and that the conviction was illegal where the victim never put on adequate proof of the actual age of the alleged victim. The prosecutor failed to establish[] in the record by direct testimony of any witness that [the victim] was under the statutory age on the date of the alleged offense.

On February 14, 2013, the Mississippi Supreme Court denied Baker's application, finding that the victim's age was proven by testimony, and that the application lacked merit and should be denied. (*See* Answer, Ex. B) (Cause No. 2012-M-01994).

> In his federal habeas petition, Baker raises the following claims:
>
> Ground One: The state failed to introduce testimony evidence or any documentary evidence, such as birth certificate or other record, to prove alleged victim's age, at the time the crime was alleged to have been committed, beyond a reasonable doubt. The state never proved the age of the alleged victim on September 5, 2007. Such action denied due process of law in violation of the 5th and 14th Amendments to the United States Constitution.
>
> Ground Two: Ineffective assistance of counsel in violation of 6th and 14th Amendment to the United States Constitution and Ar. 3, Section 14, of the Constitution of the State of Mississippi. The appeal counsel never asserted that

2

the trial counsel was ineffective and that the conviction was illegal where the state never put on adequate proof of the actual age of the alleged victim. The prosecutor failed to establish[] in the record by direct testimony of any witness that [the victim] was under the statutory age on the date of the alleged offense.

**Legal Standard**

The Court's review of Baker's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence. *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 405, 406 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or identify the correct governing law but misapply it to the case. *Id*. at 407. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both incorrect *and* unreasonable. *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004). A reviewing habeas court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, not the court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

3

## Discussion

**Ground One**

Baker first claims that the State failed to prove he committed a crime, as it failed to produce evidence of the victim's age at the time of sexual intercourse. *See* Miss. Code Ann. § 97-3-65 (age of the victim is an element of the crime of statutory rape). His claim is a challenge to the sufficiency of the evidence. The insufficiency of the evidence supports a claim for habeas relief only when, viewed in the light most favorable to the State, the evidence is such that no reasonable factfinder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The *Jackson* standard allows the factfinder "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* It asks only "whether th[e] finding [of guilt] was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, ___ U.S. ___, 132 S. Ct. 2060, 2065 (2012).

In relevant part, Mississippi law provides that the crime of statutory rape is committed when an individual at least seventeen years of age has sex with a child who: (i) is at least fourteen (14) but under sixteen (16) years of age; (ii) is thirty-six (36) or more months younger than the person; and (iii) is not the person's spouse. Miss. Code Ann. § 97-3-65(1)(a).

Under Mississippi law, the age of the victim may be proven by testimony. *See, e.g., Rankin v. State*, 963 So. 2d 1255, 1262 (Miss. Ct. App. 2007) (citation omitted). At trial, there was testimony that Baker was thirty years-old and the victim was fifteen years-old at the time of the incident. (SCR vol. 5, 465; SCR vol. 3, 179, 223-24 ). Given the testimony offered at trial, Baker cannot successfully claim that "no reasonable factfinder" could have found him guilty of

the crime of statutory rape.² Therefore, this claim does not warrant federal habeas relief.

**Ground Two**

In Ground Two, Baker alleges that trial and appellate counsel were ineffective for failing to challenge State's allegedly insufficient proof regarding the age of the victim. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *See, e.g., Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). A federal habeas petitioner's claim that he was denied the effective assistance of counsel at trial is generally measured by the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, Baker must establish that (1) his trial counsel's performance was so deficient that it cannot be said that he was functioning as "counsel" within the meaning of the Sixth Amendment, **and** (2) the deficient performance prejudiced his defense. *See id.* at 687 (emphasis added). In a case where the state court has rejected the merits of a petitioner's ineffectiveness claim, such as here, the "pivotal question" in a federal habeas proceeding "is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770 (2011) (citations omitted).

On post-conviction review, the Mississippi Supreme Court found that the victim's age was proven by testimony, such that counsel's failure to raise the issue at trial or on appeal does not amount to deficient conduct. (*See* Answer, Ex. B). Because the State adequately proved the victim's age, neither trial nor appellate counsel were ineffective in failing to raise the issue. *See, e.g., Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is

---

² Additionally, Jury Instruction S-2 set forth Baker's age and date of birth, along with the victim's date of birth and age at the time of the crime. (*See* SCR vol. 1, 27).

not ineffective lawyering; it is the very opposite."). Accordingly, the rejection of this claim does not warrant federal habeas relief.

## Certificate of Appealability

Baker must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless Baker makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Baker must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

It is hereby ordered that Baker's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. All pending motions are dismissed as moot. A judgment in accordance with this opinion and order will issue this day.

**SO ORDERED, THIS** the 21st day of October, 2013.

 /s/ Sharion Aycock
 **U.S. DISTRICT JUDGE**